**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL LOPEZ,

Plaintiff,

v. No. 2:26-cv-02939-SMD-GJF

ROECHEL ELIZABETH WALL,

Defendant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed his Complaint using the form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Defendant Wall is a branch manager of Wells Fargo Bank. *See* Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, Doc. 1, filed September 8, 2026 ("Complaint"). The only factual allegations in the Complaint state "30 billion dollars" is "missing" or "disappear[ed]" from Plaintiff's account. Complaint at 2-3.

United States Magistrate Judge Gregory J. Fouratt notified Plaintiff the Complaint fails to state a plausible claim, ordered Plaintiff to file an amended complaint and notified Plaintiff the amended complaint must comply with the Federal and Local Rules of Civil Procedure and must contain a short and plain statement of the grounds for the court's jurisdiction. *See* Order for Amended Complaint, Doc. 5, filed September 10, 2026.

Plaintiff filed his Amended Complaint which states in its entirety:

> Michael Lopez is missing 30 billion dollars from his bank account and would like it to come back to bank account. Their been no issue to discount about the 30 billion dollars.

[sic] Amamenment [sic] Complaint to whom It may consern [sic], Doc. 6, filed September 15, 2026 ("Amended Complaint"). The following day, Plaintiff filed his Second Amended Complaint which states in its entirety:

> 500 South Main Bank was removed 30 billion dollars was missing from Michael Lopez bank account was missing.

[sic] Amend claim, Doc. 8, filed September 16, 2026 ("Second Amended Complaint"); *see Tufaro v. Okla. ex rel. Bd. of Regents of Univ. of Okla*., 107 F.4th 1121, 1137 (10th Cir. 2024) ("an amended complaint supersedes a prior complaint and renders it of no legal effect").

The Second Amended Complaint does not show that the Court has jurisdiction over this action. As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (a complaint "must contain [] a short and plain statement of the grounds for the court's jurisdiction"); *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n,* 859 F.2d 842, 843 (10th Cir. 1988).

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.") (emphasis in original). The Court declines to grant leave to Plaintiff to file a third amended complaint because Plaintiff did not comply with

Judge Fouratt's order that the amended complaint must contain a short and plain statement of the grounds for the court's jurisdiction. Because the Court is dismissing this case for lack of jurisdiction, the Court does not address the Second Amended Complaint's failure to state a plausible claim and to comply with the Federal Rules of Civil Procedure. *See Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)); Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

**UNITED STATES DISTRICT JUDGE**